UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL STEPHENS,

       Plaintiff,

vs.                                                                CIV 08-614 WDS/DJS

TORMEY BEWLEY CORP.,
d/b/a Advantage Network Systems,
d/b/a Albuquerque Collection Service,

       Defendant.

## ORDER

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Limited Extension of Discovery (Docket No. 45), Plaintiff's Motion to Compel Answers to Interrogatories and for Expenses (Docket No. 53) and Plaintiff's Motion to Strike Objections, Compel Answers to Interrogatories and for Expenses (Docket No. 54).

**Motion for Limited Extension**

Plaintiff's Motion for Limited Extension of Discovery requests that the Court consider his Fourth Set of Requests for Production timely and to extend the discovery deadline to allow Defendant to provide responses to those discovery requests. As grounds, Plaintiff asserts that the additional discovery was required by Defendant's failure to provide timely responses to earlier written discovery as well as its inability to provide adequate information at deposition. Defendant argues that there is no good reason for the requested extension and denies that the additional discovery is required due to any failure on its part. Defendant also asserts that the material seeks protected trade secrets and proprietary information.

The Court has considered the motion and its premises and finds that good cause has been shown for a limited extension of the discovery deadline. Defendant shall respond to Plaintiff's Fourth Request for Production within twenty-one days of the entry of this Order.

**Motion to Compel Answers**

Plaintiff seeks an order compelling Defendant to provide further responses to six of his First Set of Interrogatories, specifically Interrogatories Nos. 2, 3, 4, 6, 8, and 13. Defendant first opposes the motion on the ground that it is untimely, as Plaintiff failed to move to compel further responses to the discovery within twenty days as required by D.N.M.LR-Civ. 26.6. Plaintiff replies that Defendant's supplemental responses to Plaintiff's Interrogatories Nos. 2, 8, and 13 were served on April 29, 2009 and that the instant motion to compel was filed on May 8, 2009, within the twenty-day time period. Plaintiff also argues that the Court can extend the twenty-day period within its discretion and that Defendant should not be permitted to use the rule as a shield.

The Court agrees that Plaintiff's motion to compel is untimely with respect to several of the interrogatories. Extensions of the twenty-day time limit to move to compel discovery when served with objections are granted for good cause or upon motion by a party. D.N.M.LR-Civ. 26.6. If the Court took the importance of complete discovery as good cause for the extension of that time limit then the restriction would cease to have any meaning or effect. With respect to the Interrogatories Nos. 2, 8 and 13 and Defendant's supplement of its responses to those interrogatories, the copy of Defendant's Supplemental Responses attached to Plaintiff's Motion to Compel as Exhibit 5 does not address Plaintiff's Interrogatory No. 13, but rather Plaintiff's Interrogatories Nos. 2, 8, 10, 12, 17, 18 and Plaintiff's Request for Production Nos. 13 and 14.

The Court will grant Plaintiff's motion to compel with respect to Plaintiff's Interrogatory No. 2. That interrogatory seeks the identity of all persons involved directly or indirectly with the collection of the alleged debt from Plaintiff. The interrogatory requests that Defendant describe each person's position, the division or department where they work, their role in the collection and activities undertaken, their supervisors, the location of those supervisors, and whether the person is still employed. Defendant objected that the interrogatory is compound, vague, overbroad in time and scope, and ambiguous as to the scope of information sought. Not withstanding those objections, Defendant provided the name of two account representatives, the name of their supervisor, their location and employment status, and described their involvement in the case. Defendant later supplemented its information with the cell telephone number for one of those representatives. The Court finds that the interrogatory is neither overbroad in time and scope nor ambiguous. Defendant should supply a complete answer, describing individuals that dealt with the collection efforts both by directly speaking with Plaintiff and indirectly by reviewing the matter or making decisions regarding those efforts.

Plaintiff's Interrogatory No. 8 requests that Defendant describe the training provided to Defendant's employees for collection of accounts and describe in detail all training that employees received regarding duties and obligations in contacting third persons in connection with the collection of debt. Defendant objected that the interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, is unduly vague, is overbroad in time and scope, is unduly burdensome and seeks disclosure of confidential trade secrets. Defendant then responded that employees "receive extensive (training) upon hiring regarding the Fair Debt Collection Practices Act" and that all employees are required to attend weekly meetings regarding FDCPA compliance and customer service. In addition, Defendants referenced

documents it produced which are subject to the protective order entered in this case. Defendant supplemented its response by further describing the training and providing some examples.

Plaintiff contends that, while Defendant has stated it does training, it has failed to describe any training and did not describe the length of the training, the type of training, the frequency of training, or what training is provided when an employee fails a proficiency examination, among other things. Plaintiff argues that Defendant's responses are inconsistent with it's claim that it provides employees with extensive training and that the response appears incomplete. Defendant asserts that it has provided copies of all materials provided for training purposes and described the on-the-job training that occurs and that it has nothing more to add. Given Defendant's assurance that it has provided all available material and completely described its process, the Court cannot compel it to produce material it does not possess. Inconsistencies between the training described and Defendant's discovery responses are matters for Plaintiff to explore at trial.

Accordingly, the Court will require Defendant to supplement its response to Plaintiff's Interrogatory No. 2, describing individuals that dealt with the collection efforts both by directly speaking with Plaintiff and indirectly by reviewing the matter or making decisions regarding those efforts or stating that no other such individuals exist beyond those already described. In all other respects, Plaintiff's Motion to Compel (Docket No. 53) will be denied.

**Plaintiff's Motion to Strike Objections, Compel Answers and for Expenses**

Plaintiff's Motion to Strike Objections, Compel Answers to Interrogatories and for Expenses seeks to compel further responses to Plaintiff's Third Set of Interrogatories and Requests for Production, specifically Interrogatories Nos. 17, 18, 19, 21, 22, and 23 as well as Plaintiff's Requests for Production Nos. 13 and 14. Plaintiff asserts that Defendant has waived

its objections to the discovery requests by failing to respond to them within thirty days as required by Fed.R.Civ.P. 34(b)(2)(A) and Fed.R.Civ.P. 33(b)(2). Defendant contends that Plaintiff was not prejudiced by the four-day delay past the response deadline. Defendant also seeks its costs for responding to the motion to compel.

The Court does not agree that prejudice is the measure of consequence for failing to timely respond to discovery. See Fretz v. Keltner, 109 F.R.D. 303, 309 (D.Kan. 1985) ("There is no provision in the federal rules for preserving objections."). As discussed immediately above in this Order, Defendant argues and the Court agreed that Plaintiff's failure to timely move to compel foreclosed his challenge to most of Defendant's objections to Plaintiff's First Set of Interrogatories. Rather, when a party fails to serve objections to discovery requests within the time required, in the absence of good cause for the failure they have generally waived the right to raise objections later. Coregis Ins. Co. V. Baratta & Fenerty, Ltd., 187 F.R.D. 528, 529 (E.D.PA 1999). Defendant has not shown good cause for its failure to timely provide its discovery response. Nonetheless, before compelling discovery, a court should examine the discovery sought and the objections made in opposition to it. Id. at 530.

Review of Plaintiff's Third Set of Interrogatories, Interrogatories Nos. 17, 18, 19, 21, 22, and 23 as well as Plaintiff's objections to them, the Court finds that the interests of justice do not require overriding the effect of Fed.R.Civ.P. 33(b)(2) and that Defendant's objections to those interrogatories have been waived by its untimely response.[1] Accordingly, the Court will require Defendant to supplement its responses to those interrogatories and provide complete answers to

---

[1] Defendant's objections to providing financial information on the ground that Plaintiff must first establish a *prima facie* case of liability for punitive damages before being entitled so such information is contrary to the weight of Federal law and the practice in the 10th Circuit. See Mid Continent Cabinetry v. George Koch Sons, Inc., 130 F.R.D. 149, 151(D.Kan. 1990).

them.

Plaintiff's Request for Production No. 13 seeks all documents identified in Defendant's answers to Plaintiff's Third Set of Interrogatories. Defendant objected on the ground of the work product doctrine and stated that it had no responsive documents. Plaintiff's Request for Production No. 14 seeks all documents upon which Defendant relied or to which it referred in developing its answers to Plaintiff's Third Set of Interrogatories. Defendant again objected on the ground of the work product doctrine and referred Plaintiff to the deposition of Don Meisinger. Defendant's response to these requests for production may change based upon its duty to supplement its responses to Plaintiff's Third Set of Interrogatories in light of this order. The Court will not require Defendant to produce documents which fall under the work product doctrine; however, it's bare objection is insufficient and Defendant will be required to provide a detailed privilege log to Plaintiff if it seeks to avoid producing work product.

The Court will deny the parties' requests for sanctions and for costs and expenses. As a general rule, the imposition of sanctions for an abuse of discovery under Fed.R.Civ.P. 37 is a matter within the discretion of the trial court. Coletti v. Cudd Pressure Control, 165 F.3d 767, 777 (10th Cir.1999). A district court abuses its discretion when it renders an arbitrary, capricious, whimsical, or manifestly unreasonable judgement. Id. (internal quotation omitted). In this instance, the delays in production were not egregious and neither party prevailed entirely in their arguments. Under the circumstances of this case, the requests for sanctions, costs, and expenses are not well taken.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Limited Extension of Discovery (Docket No. 45) is granted. Defendant shall respond to Plaintiff's Fourth Request for Production within twenty-one days of the entry of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Answers to Interrogatories and for Expenses (Docket No. 53) is granted in part. Within ten days, Defendant to supplement its response to Plaintiff's Interrogatory No. 2, describing individuals that dealt with the collection efforts both by directly speaking with Plaintiff and indirectly by reviewing the matter or making decisions regarding those efforts or stating that no other such individuals exist beyond those already described. In all other respects, the motion is denied.

**IT IS FURTHER ORDERED** Plaintiff's Motion to Strike Objections, Compel Answers to Interrogatories and for Expenses (Docket No. 54) is granted in part. Within fourteen days of the entry of this Order Defendant will supplement its responses to Interrogatories Nos. 17, 18, 19, 21, 22, and 23 of Plaintiff's Third Set of Interrogatories and provide complete answers to them. Further, Defendant will provide documents responsive to Requests for Production Nos. 13 and 14 of Plaintiff's Third Requests for Production, excluding only those documents which fall under the work-product doctrine and for which Defendant provides a privilege log. In all other respects, the motion is denied.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**